IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JARQUEZ SIGEARS LEE, | ) |
|     Plaintiff, | ) ) ) |
| VS. | )     No. 17-2113-STA-egb ) |
| SHELBY COUNTY CRIMINAL COURT, | ) ) |
|     Defendant. | ) |

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*
DISMISSING CASE WITHOUT PREJUDICE AND
ASSESSING $400 CIVIL FILING FEE

On February 10, 2017, Plaintiff Jarquez Sigears Lee, booking number 16121860, an inmate at the Shelby County Criminal Justice Complex in Memphis, Tennessee, filed a *pro se* letter which the Court has construed as a complaint for violation of his civil rights, pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff did not pay the $400 civil filing fee or submit an application to proceed *in forma pauperis* and a certified copy of his inmate trust account for the last six months, as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). Therefore, the Court issued an order on February 21, 2017, directing Plaintiff to submit the required information or pay the entire $400 civil filing fee within 30 days. (ECF No. 3.) Plaintiff was warned that if he failed to comply with the order in a timely manner the Court would "deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee from his inmate trust account without regard to the installment payment procedures, and dismiss the action without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b),." (*Id*. at 3-4.)

Plaintiff has not complied with the February 21, 2017, order, and the time to comply has expired. Therefore, the motion for leave to proceed *in forma pauperis* is DENIED, and the

1

complaint is hereby DISMISSED without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time the complaint is filed. *McGore v. Wrigglesworth,* 114 F.3d at 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry,* 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea,* 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

It is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall withdraw from Plaintiff's trust fund account the sum of $400 and forward that amount to the Clerk of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to withdraw all the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court until the civil filing fee is paid in full. The trust fund officer is not required to remit any balances less than $10 unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District Tennessee,
> 167 N. Main, Ste. 242, Memphis, TN  38103

and shall clearly identify Plaintiff's name and the case number as it appears on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order. If Plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, including a monetary fine or restrictions on Plaintiff's ability to file future lawsuits in this Court, without additional notice or hearing.

The Clerk is ORDERED to mail a copy of this order to the prison official in charge of prison trust fund accounts at the Shelby County Jail and to the Jail Administrator to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

It is also CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 13, 2017